THE WESTERN COTTAGE ORGAN COMPANY v. REDDISH.

1. Corporations: POWERS OF. A corporation organized for the manufacture and sale of musical instruments was *held* to have the authority to purchase of an agent a note which he had acquired by the sale of an article manufactured by the corporation.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 26.

ACTION on a promissory note executed by defendant to C. H. Edwards, and by him indorsed to the plaintiff. The defendant pleaded that the plaintiff was not the owner of the note because of a want of power in the corporation to "purchase or discount paper, it being expressly prohibited by the act under which it was organized from so doing."

There was a trial to the court, judgment for plaintiff, and defendant appeals.

*Finch, Sickmon & Snelling,* for appellant.

*Barcroft, Given & Drabelle,* for appellee.

SEEVERS, J.—The plaintiff is a corporation organized under the laws of Illinois, which provide that "corporations may be formed in the manner provided in this act for any lawful purpose, except banking, insurance, real estate brokerage, the operation of railroads, and business of loaning money."

1. CORPORATIONS: POWERS OF.

"The object" of plaintiff's organization, as declared in the articles of incorporation, "is the manufacture and sale of musical instruments." Edwards, the payee of the note, was

the "general agent of plaintiff in the sale and disposition of
organs," and Lattimer & Brothers were act'ng for him.   The
latter sold an organ to Alexander and took from him in pay-
ment a note payable in property.   This note was exchanged
for the one in suit, under an agreement that Lattimer & Broth-
ers were to receive it back in case it proved uncollectible.
Alexander proved to be insolvent and the note given by him
uncollectible, and defendant demanded the note sued on of
Lattimer & Brothers.   In the meantime it had been delivered
to Edwards, and the plaintiff had purchased it of Edwards,
and counsel unite in saying that the sole question for deter-
mination is whether such purchase was illegal or *ultra vires.*
The law under which the plaintiff was organized prohib-
its it from engaging in the "business of loaning money."
Does the transaction in question amount to such?   We think
not.

Between the plaintiff and Edwards the transaction was
neither more nor less than a purchase and sale.   Incident
to the power to manufacture and sell musical instruments,
is the further power to sell for cash or on credit, and receive
and hold the proceeds.   If necessary for the proper transac-
tion of the business, the right exists in the corporation to
appoint agents and hold them responsible for all proceeds of
sales of such instruments.

The note in suit constituted a part of the proceeds of an
organ sold.   Without doubt it could be received by the plain-
tiff in payment of an indebtedness from its agent.   But the
note was purchased of such agent, and we think the corpora-
tion may well purchase of its agent a note given for musical
instruments manufactured by it and sold by such agent.
This follows, it seems to us, the power to settle with the agent
and adjust an indebtedness in such manner as might be
deemed advisable.   The plaintiff had the power, in every
lawful manner, to promote sales and enlarge its business.   To
accomplish this result the right to sell on credit, as has been
said, existed.   The agent, of course, had the right to sell on

The Western Cottage Organ Co. v. Reddish.

credit, and account to the plaintiff in such manner as might be agreed upon. By taking from the agent notes of parties to whom he had extended credit in payment of indebtedness, or by purchasing the same, would enable the agent to extend credit to others, and thus increase the sales, to the profit and advantage of the plaintiff.

The foregoing view by no means authorizes the plaintiff to go into the market and purchase notes. No such case is before us, and we base our ruling on the peculiar state of facts above stated. The power to purchase the note in question is not prohibited by the law under which the plaintiff was organized, nor is it expressly granted. In the absence of such prohibition the power exists, if its exercise was necessary and proper for the purpose of carrying out the objects of the corporation. *Thompson v. Lambert*, 44 Iowa, 239.

It is at least worthy of consideration whether the note or contract sued on is tainted in any degree with illegality, or whether the only illegal contract (if there was one) is not the one between Edwards and the plaintiff, whereby the note was acquired. To this the defendant was not a party; and, it may with at least considerable force be said, the plaintiff is not seeking to enforce that contract. Finding the note on the market the plaintiff purchased it. Suppose the purchase to have been illegal. Should the defendant be permitted for that reason to avoid the note, which, but for that, he would be bound to pay? Without committing ourselves thereto, the foregoing view has been sustained in an elaborate opinion by the Supreme Court of Massachusetts in *National Pemberton Bank v. Porter*, 7 Central Law Journal, 324.

AFFIRMED.